*1280
On Application for Rehearing

CRAWLEY, Judge.
This court’s opinion of March 14, 1997, is withdrawn, and the following opinion is substituted therefor.
The State Department of Revenue assessed State, Baldwin County, and City of Orange Beach sales taxes against Orange Beach Marina, Inc., for the period September 1, 1989, through August 31, 1992. The marina appealed the assessment to the Department’s Administrative Law Division, which upheld the assessment. The marina appealed to the Baldwin Circuit Court, which upheld the assessment on 60% of the marina’s sales and reversed the assessment on 40% of the marina’s sales for the period at issue. The Department appeals, and the marina cross-appeals.
The Department argues that none of the marina’s diesel fuel sales are exempt from sales tax, and the marina argues that all of its diesel fuel sales are exempt from sales tax. Ala.Code 1975, § 40-23-4(a), exempts certain items, including:
“(10) The gross proceeds from the sale or sales of fuel and supplies for use or consumption aboard ships, vessels, towing vessels, or barges, or drilling ships, rigs or barges, or seismic or geophysical vessels, or other watercraft (herein for purposes of this exemption being referred to as ‘vessels’) engaged in foreign or international commerce or in interstate commerce; provided, that nothing in this division shall be construed to exempt or exclude from the measure of the tax herein levied the gross proceeds of sale or sales of material and supplies to any person for use in fulfilling a contract for the painting, repair, or reconditioning of vessels, barges, ships, other watercraft, and commercial fishing vessels of over five tons load displacement as registered with the U.S. Coast Guard and licensed by the State of Alabama Department of Conservation and Natural Resources.
“For purposes of this subdivision, it shall be presumed that vessels engaged in the transportation of cargo between ports in the State of Alabama and ports in foreign countries or possessions or territories of the United States or between ports in the State of Alabama and ports in other states are engaged in foreign or international commence or interstate commerce, as the case may be.... For the purposes of this subdivision, vessels carrying passengers for hire, and no cargo, between ports in the State of Alabama and ports in foreign countries or possessions or territories of the United States or between ports in the State of Alabama and ports in other states shall be engaged in foreign or international commerce or interstate commerce, as the case may be, if, and only if, both of the following conditions are met: (i) the vessel in question is a vessel of at least 100 gross tons; and (ii) the vessel in question has an unexpired certificate of inspection issued by the United States Coast Guard .... For purposes of this subdivision, proof that fuel and supplies purchased are for use or consumption aboard vessels engaged in foreign or international commerce or in interstate commerce may be accomplished by the merchant or seller seeming the duly signed certificate of the vessel owner, operator, or captain or their respective agent on a form prescribed by the department that the fuel and supplies purchased are for use or consumption aboard vessels engaged in foreign or international commerce or interstate commerce.... ”
(Emphasis added.)
The Department and the marina stipulated to the following facts. The marina is a full-service marina located in Orange Beach, Alabama. As a part of its function, the marina, among other things, sells diesel fuel to customers. The customers consist of three basic categories: (1) charter fishing vessels; (2) vessels owned by businesses, and (3) pleasure craft. During the period in question, the marina had hired a new manager whose previous employment had been in a state that did not impose a sales tax on diesel fuel. Through inadvertence, the marina failed to charge or collect the taxes in question from September 1, 1987, through August 31, 1992. Since that time, the marina has been collecting the tax. During the period in question, roughly 40% of the marina’s sales volume was to charter fishing vessels, approximately *1281 20% was to vessels owned by businesses, and some 40% was to pleasure craft. Virtually all of these vessels either would have proceeded across state lines, or, more likely, would have proceeded more than three miles from the shoreline, thus placing them in jurisdictions other than the State of Alabama. The marina admits that the vessels at issue did not travel to a port in a foreign country on in another state; rather, the vessels traveled from an Alabama port, entered non-Alabama waters, and returned to an Alabama port.
Exemptions from taxation are to be strictly construed against the exemption and in favor of the right to tax, and no person or property is to be exempted unless the intention to exempt such person or property clearly appears in some statute or constitutional provision. Brundidge Milling Co. v. State, 45 Ala.App. 208, 228 So.2d 475 (1969). One who seeks an exemption from taxation has the burden to clearly establish the right to the exemption, and in all cases of doubt as to the legislative intention, the presumption is in favor of the taxing power. Id.
The marina argues that all of its diesel fuel sales, not just those to the charter fishing vessels, are exempt from the sales tax. The marina contends that all the vessels are engaged in interstate commerce because the vessels travel between Alabama territorial waters and foreign waters. The Department contends that none of the vessels is engaged in interstate commerce because the undisputed fact is that none of the vessels travels to a foreign country’s port or to another state’s port; i.e., the exemption requires that a vessel travel to a foreign port to be deemed to be engaged in international or interstate commerce, and the Department argues that merely leaving Alabama territorial waters is, by statutory definition, not interstate commerce.
We agree with the Department. The statute unambiguously states that in order for a vessel to be presumed to be engaged in interstate commerce the vessel, whether carrying cargo or individuals only, must travel between an Alabama port and another state’s or another country’s port. We conclude that the trial court incorrectly ruled that the charter fishing vessels are engaged in interstate commerce and that those diesel fuel sales are exempt from the sales tax. We further conclude that the trial court correctly ruled that the vessels owned by businesses and the pleasure craft are not engaged in interstate commerce and that those diesel fuel sales are not exempt from the sales tax. We remand the cause for the trial court to enter an order consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.